UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| EDWARD TAYLOR | : | DOCKET NO. 2:07-cv-782<br>Section P |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JOE P. YOUNG | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of mandamus filed pursuant to 28 U.S.C. § 1651 by *pro se* petitioner, Edward Taylor. By this petition, the petitioner challenges the continued placement of a "Greater Security" management variable on his classification scenario, and he seeks to have this court order the Bureau of Prisons to remove the management variable from his file. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

Petitioner has presented his claims through all levels of the administrative remedy procedure, and his claim was denied on March 27, 2007 by the Administrator of the National Inmate Appeals. *See* Exhibits A & F, attached to petition. In denying petitioner's administrative appeal, the Administrator informed petitioner that the "greater security" management variable is appropriately applied "where an inmate represents a greater security risk . . . than their assigned security level" and that petitioner's desertion from the military and lack of participation in recommended programs cause staff to believe that he is not appropriate for placement in a minimum-security prison. The Administrator concurred with the decision of staff. *Id.*

Petitioner filed this petition for writ of *habeas corpus* on May 3, 2007. He claims that in considering the management variable in his custody classification, the BOP has violated its own policy statements and denied him due process of law.

## **LAW AND ANALYSIS**

In order to be granted a writ of *habeas corpus*, the petitioner must show that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). A due process claim is only cognizable when a recognized liberty or property interest is at stake. *Board of Regents v. Roth,* 92 S.Ct. 2701, 2705 (1972). Generally, a prisoner's liberty interest is "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless, imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 115 S.Ct. 2293, 2295 (1995); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

Petitioner claims that his current detention violates his due process rights under the Fifth Amendment of the United States Constitution because his custodial classification which was allegedly improperly determined by the BOP has rendered him ineligible for placement in a prison camp. However, it is well settled that prisoners do not have a constitutionally protected liberty interest in being placed in a particular institution or in their custodial classifications. *Olim v. Wakinekona,* 103 S.Ct. 1741, 1745 (1983); *Meachum v. Fano*, 96 S.Ct. 2532 (1976); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Myers v. Dretke*, 2005 WL 2716261 (S.D. Tex. 2005); *Taylor v. Sneizek*, 2005 WL 1593671 (N.D. Ohio 2005); *Crite v. Sanders*, 2006 WL 2504310 (E.D. Ark. 2006). Accordingly, petitioner has failed to state a constitutional claim, and

he is not entitled to *habeas* relief.

For these reasons,

IT IS RECOMMENDED that this petition be DENIED AND DISMISSED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

**THUS DONE AND SIGNED** in Chambers at Lake Charles, Louisiana, June 1, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE